UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

UNITED STATES OF AMERICA        :
                                :
    – against –                 :        05 Cr. 960-2 (TPG)
                                :
JOSE HERNANDO RODRIGUEZ,        :        **OPINION**
                                :
                    Defendant.  :
                                :
------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/11/09

     Defendant Jose Hernando Rodriguez was found guilty by a jury of causing a murder while engaged in a narcotics conspiracy, in violation of 21 U.S.C. § 848(e)(1)(A), and of carrying a firearm during a conspiracy to distribute cocaine, in violation of 18 U.S.C. § 924(j)(2).  He now moves for a judgment of acquittal or, in the alternative, a new trial.  The motion is denied.

     In order to grant a motion for a judgment of acquittal, the court must find that no rational trier of fact could have found the defendant guilty beyond a reasonable doubt because the evidence against the defendant was nonexistent or meager. United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003).  The court must view the evidence in the light most favorable to the Government. United States v. Aleskerova, 300 F.3d 286, 292 (2d Cir. 2002).  In this case, the jury verdict was fully supported by the overwhelming evidence of defendant's guilt offered by

the Government. Defendant's motion for a judgment of acquittal is therefore denied.

A court may grant a new trial "if the interest of justice so requires." Fed. R. Cr. P. 33(a). However, this requires that there be a "manifest injustice" in the jury's verdict. United States v. Ferguson, 246 F.3d 129, 133-34 (2d Cir. 2001). Defendant sets forth two grounds for a new trial, neither of which has merit.

First, defendant contends that the cross-examination of a Government witness, Ricardo Castro-Cubillos, was impermissibly constrained because the court did not uniformly require Castro-Cubillos to give the brief answers that defense counsel sought. Although the Confrontation Clause of the Sixth Amendment guarantees a defendant the opportunity for cross-examination, this guarantee is not limitless. "On the contrary, trial judges retain wide latitude . . . to impose reasonable limits on such cross-examination . . . ." Delaware v. Van Ardsall, 475 U.S. 673, 679 (1986). Moreover, the guarantee of an opportunity for cross-examination does not equate to a guarantee that an examination will yield the results sought by the defendant. Delaware v. Fensterer, 474 U.S. 15, 20 (1985).

Second, defendant argues that the court should have instructed the jury on multiple conspiracies. To prevail on this claim, defendant must show that (1) the indictment charged a single conspiracy, but the proof disclosed several independent conspiracies, and (2) defendant was

so prejudiced by this variance as to be denied a fair trial. United States v. Desimone, 199 F.3d 217, 226 (2d Cir. 1997). However, the Government has proven a single conspiracy if it establishes at trial that each alleged member agreed to participate in what he knew to be a collective venture directed toward a common goal. United States v. Martino, 664 F.2d 860, 876 (2d Cir. 1981). Moreover, a single conspiracy is not converted into multiple conspiracies due merely to "lapse of time, change in membership, or a shifting emphasis in its locale." United States v. Williams, 205 F.3d 23, 33 (2d Cir. 2000).

Here, the proof clearly established that defendant led a robbery crew for several years. Although the robbery crew conducted a series of robberies, and although the membership of the crew shifted over time, it is clear from the evidence at trial that the core membership, goals, and tactics of the crew remained the same. Defendant was therefore not entitled to an instruction on multiple conspiracies.

Defendant's motion is denied in all respects.

SO ORDERED.

Dated: New York, New York
February 11, 2009

_____
Thomas P. Griesa
U.S.D.J.